An agent ne-
glected to ef-
fect insurance
according to a
letter of instruc-
tions which
stated that the
owner *valued*
the vessel at
4000 dollars,
three fourths
of which sum
he wished to be
insured. *Held*
that he was an-
swerable as in
the case of a
valued policy,
although the
letter contained
no precise order
to have the
policy valued.

MINER *against* TAGERT and SMITH.

THIS was an action upon the case against the defendants,
for neglecting to effect insurance for 3000 dollars upon
the brig *Montgomery*, belonging to the plaintiff, from *New-
bern* to *Cape Francois*, with liberty to touch at one or more
ports in *Hispaniola*, against all risks.

The cause was tried under the general issue before Mr.
Justice *Yeates*, at a *Nisi Prius* in *July* last, when it was
proved that the vessel was greatly damaged by bad weather
on the voyage, and that she was forced to put into *Port-au-
Prince*, where she was surveyed, condemned as being un-
worthy of repair, and sold for 825 dollars.

The defendants admitted their liability to answer in the
same manner as insurers, and put their defence upon two
grounds: 1. The unseaworthiness of the brig. 2. The in-
ferior value of the vessel, which they said was much below
the amount directed to be insured.

Upon the first point the evidence was various, and in
some degree contradictory. Upon the second, the plaintiff
claimed to recover the whole amount, as upon a valued policy,
under the letter of instructions to the defendants, which was
as follows:

*Newbern, June* 6, 1801.

Messrs. TAGERT and SMITH.
   Gentlemen,
   At the request of captain *Stephen Miner*, I wish you to
have insurance made on his brig called *Montgomery*, burthen
111 tons, commanded by himself, from the port of *Newbern*
(where she now lies ready loaded to sail the first fair wind) to
*Cape Francois*, with liberty to touch at one or more ports in
*Hispaniola*, against all risks. The brig is strong and loaded
entirely with lumber, therefore conclude the premium can-
not be much. Whatever it may be, charge it to my account,
and advise thereof. The brig *he values at* 4000 *dollars, but
wishes to have* 3000 *(say three fourths ) only insured.* He may
write you from the *W. I.* requesting insurance home; if so,

please have it done agreeably to his direction, which you may also charge to me.

Gentlemen, your obt. servt.,

GEO. ELLIS.

A witness on the part of the defendants swore, that the brig was worth about sixteen or eighteen hundred dollars, when ready for sea; that she originally cost the plaintiff but one thousand dollars, and at that price the witness thought her a hard bargain.

Mr. Justice *Yeates* referred the question of seaworthiness to the jury, after expressing his opinion that the weight of testimony was with the plaintiff. Upon the second point, his charge was as follows:

It is objected that the brig was directed to be insured greatly beyond her value, and that the recovery must be proportioned to this value. This court have said, that where a policy has been effected as a mere cover for a wager, there can be no recovery, as it impugns the first principles of insurance, which rest on a fair indemnity. If a policy had been subscribed, we could judge by inspecting it, whether it was open or valued. The amount of a valued policy is not inquired into, unless the valuation is grossly enormous, as in the instance of the cable put by lord *Mansfield*. The insurer assents to the valuation, and receives his premium thereon. Whose fault is it, that a policy does not exist here? Clearly the defendants'. We must then consider the letter of *Ellis* of the 6th *June* 1801, as expressed in the policy. The plaintiff therein " *values*" his vessel at 4000 dollars, and desires an insurance to be effected on three fourths of her, say 3000 dollars. His intention was communicated, that it should be a valued policy, and the defendants are bound by it. If the brig was not seaworthy when the risk attached, the verdict should be for the defendants. But if she was fit for sea in a common voyage, and the policy intended to be valued, then the plaintiff is intitled to the sum ordered to be subscribed, with interest, deducting the premium, and the price she was sold for at *Port-au-Prince*.

The jury found a verdict for 2978 dollars 55 cents, which was upon the footing of a valued policy, allowing to the de-

fendants, in addition to the deductions mentioned by the court, one half of one per cent., as if they had made the insurance, and two per cent. for collecting and paying over the money.

*Tilghman* for the defendants, moved for a new trial. He contended that the verdict was against evidence upon the point of seaworthiness; but the judge who tried the cause, having expressed his opinion to the contrary, he left that question for reconsideration without further argument. The principal ground of his motion, was the valuation. If the defendants were to answer as underwriters upon an *open* policy, the jury were wrong by at least fifteen hundred dollars; and this, he argued, was the measure of their responsibility, because the letter of the 6th of *June* did not say whether an open or valued policy should be made. The defendants, therefore, were not bound to make a valued policy; for if any policy had been effected, it would have complied with all the directions that were given. To say, that they must answer as under a valued policy, because the owner's agent has said that he valued the vessel at a certain sum, is not only adopting the severest possible construction against the defendants, but it is making the owner's opinion operate as an order, whereas sufficient effect would be given to it, if it were understood to imply, that the owner was so well satisfied with the vessel and the risk, that he was willing to be the insurer of one fourth himself. But what injury would have been done by insuring in an open policy? If the plaintiff recovered the real value of his loss, he could not be injured; and as the present is an action for damages to the extent of his injury, it follows that the real value of his loss is the measure of the damages. Every policy is open, unless the contrary clearly appears; every order for insurance should therefore be deemed an order for an open policy, unless a valuation was clearly required.

*Hare* and *Ingersoll* for the plaintiff, answered, that they were willing to treat the letter as an order for insurance, presented to an underwriter, and accepted. Could any one doubt in such a case that it would amount to an agreement between the parties that the vessel should be valued? The

simplest and most reasonable rule of construction, is to allow some weight to every expression. What is to be done with the appropriate word " *values*," upon the defendants' argument? Why insert it in the letter? Why also the direction to insure three fourths? Surely the owner went upon the basis of a valuation in giving this instruction; for had he intended an open policy, he would have ordered 3000 dollars upon three fourths of the brig, without saying any thing of her value. Suppose a safe arrival of the vessel. Would it have been practicable for the plaintiff to have refused the payment of a full premium, upon the ground that she was not worth 4000 dollars? The defendants having been bound to effect the insurance, and having neglected to do it, the plaintiff is intitled to the most beneficial construction of the letter; and having given his own valuation in the letter, to which no objections were made, he ought not to be deprived at this day, of the benefit and convenience of a valued policy.

TILGHMAN C. J. having been of counsel with the plaintiff, while at the bar, gave no opinion.

YEATES J. Two reasons have been assigned as grounds for a new trial in this case. 1. That the brig *Montgomery* was not seaworthy at the time of sailing from *Newbern* in *North Carolina*, on the voyage intended to be insured. 2. That the jury were charged by me, and actually found their verdict, as if the insurance had been made on a valued policy.

The first ground was not pressed on the motion for the new trial, but a desire was expressed, that the evidence on that point should be reconsidered. I have maturely considered that evidence, and see no reason for retracting the opinion, which I formed on the trial. I am fully satisfied, that the weight of the testimony, both positive and presumptive, preponderated much in favour of the seaworthiness of the vessel. The question was fairly submitted to the jury.

2. The action was brought against the defendants as agents and factors, for neglecting to insure 3000 dollars on the brig pursuant to the orders of *George Ellis* the plaintiff's correspondent, although they had ample funds in their hands for that purpose. Their liability in damages was fully admitted

in their letter of 29th *October* 1801, and candidly conceded by their counsel upon the trial. It is also admitted on the other side, that the defendants may legally avail themselves of every defence, which underwriters might urge in case they had subscribed the policy. From the words made use of in a policy, we are enabled to ascertain, whether it is to be denominated a *valued* or *open* one. We have no such instrument here to judge upon. The basis of the suit is the negligence of the defendants in not procuring a policy to be effected. Our judgments therefore can only be formed from the expressions contained in the letter of *Ellis* of the 6th *June* 1801 directing the insurance to be made. After directing the insurance and describing the vessel, her burthen, and the meditated voyage, he says, " Charge the premium " to my account, and advise me thereof. The brig he ( *Miner* ) " *values* at 4000 dollars, but wishes to have 3000 dollars (say " three fourths) insured." It is true, the writer does not order a *valued* policy, *eo nomine*, to be effected; but we may collect his meaning from the plain import of his words, and whatever may be determined to be his fair meaning, will fix the extent of the defendants' responsibility. The insurance was to be made on three fourths of his *valuation*, and this necessarily conveys the idea, that he wished for a *valued* policy. By adopting the construction contended for by the defendants' counsel, we render the words *he values* &c. wholly inoperative. If the brig had reached her destined port in safety, and she had been insured at 4000 dollars, when in reality, she had been worth but 2000 dollars, the plaintiff could never expect a return premium.

In fact, the jury have not awarded the full damages as on a valued policy. Making a deduction of three fourths of what the brig sold for in the *West Indies*, the premium and every customary allowance made to underwriters, it will be found that the balance and interest thereon will surmount the sum found between three and four hundred dollars.

I think therefore the defendants have no reason to complain of any injustice done to them, and that judgment be entered for the plaintiff on the verdict.

BRACKENRIDGE J. concurred.

New trial refused, and Judgment for plaintiff.